FILED

2017 JUN 20 PM 12:44

US DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
ORLANDO, FLORIDA

UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
ORLANDO DIVISION

CHARLES M. FOX, on behalf of himself and others similarly situated,

CASE NO.: 6:17-cv-1130-ORL-37KRS

Plaintiff,

v.

SERVICES, SUPPORTS AND SOLUTIONS, INC.,
a Florida Profit Corporation, and RICHARD P. STIER, individually.

Defendants.
_____/

## COLLECTIVE ACTION COMPLAINT AND DEMAND FOR JURY TRIAL

Plaintiff, CHARLES M. FOX ("Mr. Fox" or "Plaintiff"), on behalf of himself and others similarly situated, files this Complaint against Defendants, SERVICES, SUPPORTS AND SOLUTIONS INC. ("SSS"), and RICHARD P. STIER ("RS")(collectively "Defendants") and states as follows:

### CLASS SOUGHT TO BE CERTIFIED

1. Plaintiff seeks to conditionally certify the following class of individuals: "Any and all hourly paid caretakers who worked for Defendants during the last three (3) years at any of Defendants' facilities whom: (a) were misclassified as independent contractors; (b) worked more than forty (40) hours per week; and (c) were not paid time and one half overtime compensation for all hours worked over forty (40) per workweek."

### JURISDICTION

2. Jurisdiction in this Court is proper as the claims are brought pursuant to the Fair Labor Standards Act, as amended (29 U.S.C. §201, et seq., hereinafter called the "FLSA") to

recover unpaid back wages, an additional equal amount as liquidated damages, obtain declaratory relief, and reasonable attorney's fees and costs.

3. The jurisdiction of the Court over this controversy is based upon 29 U.S.C. §216(b).

4. This Court has the authority to grant declaratory relief pursuant to the FLSA and the Federal Declaratory Judgment Act ("DJA"), 28 U.S.C. §§ 2201-02.

## PARTIES

5. At all times material hereto, Plaintiff was and continues to be a resident of Volusia County, Florida.

6. At all times material hereto, Defendants were, and continue to be a Florida company/individual who continue to be engaged in business in Florida, with their principal place of business in Volusia County, Florida.

7. Defendant, RS, resides in Volusia County, Florida, and is the owner and operator of SSS.

8. At all times material hereto, Plaintiff was "engaged in commerce" within the meaning of §6 and §7 of the FLSA.

9. At all times material hereto, Plaintiff was an "employee" of Defendants within the meaning of FLSA, but Defendants intentionally misclassified Plaintiff, and numerous others, as independent contractors, to avoid the requirements of the FLSA and other related tax and employment laws.

10. At all times material hereto, Defendants owned and operated their principal place of business in Volusia County, Florida.

11. At all times material hereto, Defendants were Plaintiff's "employer" within the meaning of FLSA.

12. At all times relevant to this Complaint, Defendant, RS maintained and exercised the authority to: (a) hire and fire and fire employees of SSS; (b) determine the rates of pay for employees of SSS; (c) set the schedules and working hours for employees of SSS; and (d) create the pay policies and procedures for employees of SSS. By virtue of the foregoing, RS is considered an employer as defined by the FLSA.

13. Defendant SSS was and continues to be an "employer" within the meaning of FLSA.

14. At all times material hereto, Defendants were, and continue to be, "enterprises engaged in commerce," within the meaning of FLSA.

15. Specifically, Defendants had two (2) or more employees handling, selling, or otherwise working on goods or materials that had been moved in or produced for commerce.

16. At all times material hereto, Defendants accepted and processed payments from their customers and others, which were drawn on out-of-state bank accounts.

17. Based upon information and belief, the annual gross revenue of Defendants was in excess of $500,000.00 per annum during the relevant time periods.

18. At all times material hereto, the work performed by the Plaintiff was directly essential to the business performed by Defendants.

## STATEMENT OF FACTS

19. From April 1, 2012, through current, Plaintiff was an hourly paid employee of Defendants, and performed caretaker and other services in Defendants' facility.

3

20. Defendants, however, in an effort to avoid the payment of overtime to Plaintiff, and others similarly situated, as well as to avoid compliance with various tax and other employment laws, purposefully misclassified Plaintiff and others similarly situated, as independent contractors.

21. At various material times hereto, Plaintiff, and others similarly situated, worked for Defendants in excess of forty (40) hours within a work week.

22. During Plaintiff's employ, Defendants failed to compensate Plaintiff at a rate of one and one-half times Plaintiff's regular rate for all hours worked in excess of forty (40) hours in a single work week.

23. Instead, Defendants appear to have paid straight time for same, which is illegal.

24. Plaintiff, and other similarly situated employees, should be, and should have been, compensated at the rate of one and one-half times their regular rate for those hours that they worked in excess of forty (40) hours per week, as required by the FLSA.

25. Defendants have violated Title 29 U.S.C. §§ 206 and 207 from June 8, 2014, through current in that:

    a. Plaintiff, and others similarly situated, worked in excess of forty (40) hours per week during their employment with Defendants;

    b. No payments or provisions for payment have been made by Defendants to properly compensate Plaintiff, and others similarly situated, at the statutory rate of one and one-half times Plaintiff's regular rate of pay for those hours worked in excess of forty (40) hours per work week, as provided by the FLSA; and

c.  Defendants failed to maintain proper pay and time records as mandated by the FLSA.

26. Plaintiff has retained the law firm of CELLER LEGAL, P.A. to represent him, and others similarly situated, in the litigation and has agreed to pay the firm a reasonable fee for its services.

## COUNT I
## VIOLATION OF 29 U.S.C. §207 OVERTIME COMPENSATION

27. Plaintiff re-alleges and reavers paragraphs 1 through 26 of the Complaint, as if fully set forth herein.

28. From at least June 8, 2014, and continuing currently, Plaintiff, and others similarly situated, work/worked in excess of the forty (40) hours per week for which they were not compensated at the statutory rate of one and one-half times their regular rate of pay.

29. Plaintiff, and others similarly situated, were entitled to be paid at the statutory rate of one and one-half times their regular rate of pay for those hours worked in excess of forty (40) hours.

30. At all times material hereto, Defendants failed and continue to fail to maintain proper pay and time records as mandated by the FLSA.

31. Defendants' actions were willful and/or showed reckless disregard for the provisions of the FLSA, as evidenced by their failure to compensate Plaintiff, and others similarly situated, at a rate of one and one-half times their regular rate of pay for the hours worked in excess of forty (40) hours per week when they knew, or should have known, such was, and is due.

32. Defendants failed to properly disclose or apprise Plaintiff, or others similarly

situated, of their rights under the FLSA, and purposefully misclassified them as independent contractors when the true nature of their relationship with Defendants was that of employees.

33. Due to the intentional, willful, and unlawful acts of Defendants, Plaintiff, and others similarly situated, suffered and continue to suffer damages and lost compensation for time worked over forty (40) hours per week, plus liquidated damages.

34. Plaintiff is entitled to an award of reasonable attorney's fees and costs pursuant to 29 U.S.C. §216(b).

## COUNT II
## DECLARATORY RELIEF

35. Plaintiff adopts all allegations in paragraphs 1 through 34, above.

36. Plaintiff and Defendants have a Fair Labor Standards Act dispute pending, which the Court has jurisdiction to hear pursuant to 28 U.S.C. § 1331, as a federal question exists.

37. The Court, also, has jurisdiction to hear Plaintiff's request for declaratory relief pursuant to the Declaratory Judgment Act. 28 U.S.C. §§ 2201-2202.

38. Plaintiff may obtain declaratory relief.

39. Defendants employed Plaintiff and others similarly situated.

40. Defendants misclassified Plaintiff and others similarly situated as independent contractors.

41. Defendants are joint employers, subject to the coverage of the FLSA.

42. Defendants failed to properly pay Plaintiff, and others similarly situated, for all overtime hours worked.

43. Defendants failed to pay Plaintiff in a timely fashion, as required by the FLSA.

44. Defendants did not keep accurate time records pursuant to 29 U.S.C. § 211(c) and

29 C.F.R. Part 516.

45. Defendants failed to take affirmative steps to support a good faith defense.

46. Plaintiff, and others similarly situated, are entitled to liquidated damages.

47. It is in the public interest to have these declarations of rights recorded.

48. Plaintiff's declaratory judgment action serves the useful purpose of clarifying and settling the legal relations in issue.

49. The declaratory judgment action terminates and affords relief from uncertainty, insecurity, and controversy giving rise to the proceeding.

WHEREFORE, Plaintiff respectfully requests that judgment be entered in his favor against Defendants:

    a. Declaring, pursuant to 29 U.S.C. §§2201 and 2202, that the acts and practices complained of herein are in violation of the maximum hour provisions of the FLSA;

    b. Awarding Plaintiff the declaratory relief sought herein;

    c. Conditionally certifying a class of similarly situated individuals.

    d. Awarding the certified class overtime compensation in the amount due to them for time worked in excess of forty (40) hours per work week;

    e. Awarding the certified class liquidated damages in an amount equal to the overtime award;

    f. Awarding the certified class reasonable attorney's fees and costs and expenses of the litigation pursuant to 29 U.S.C. §216(b);

    g. Awarding the certified class pre-judgment interest;

h.  Ordering any other further relief the Court deems just and proper.

## JURY DEMAND

Plaintiff demands trial by jury on all issues so triable as a matter of right by jury.

Dated: June 13, 2017.

_____
Richard Celler, Esq.
Florida Bar No. 0173370
Noah E. Storch, Esq.
Florida Bar No. 0085476
RICHARD CELLER LEGAL, P.A.
7450 Griffin Road, Suite 230
Davie, Florida 33314
Telephone: (866) 344-9243
Facsimile: (954) 337-2771
E-mail: richard@floridaovertimelawyer.com
E-mail: noah@floridaovertimelawyer.com

*Attorney for Plaintiff*